NEEDHAM MASSEE, plaintiff in error, vs. DUDLEY SNEAD, defendant in error.

If the remedy by habeas corpus, is adequate, equity ought not to interfere.

In Equity, in Macon Superior Court.    Tried before Judge WORRILL, at March Term, 1859.

Dudley Snead filed this bill against Needham Massee, re-

turnable to the Superior Court of said county, March Term, 1859.

The bill alleges, that complainant, in Lee Superior Court, at September Term, 1857, under the Act of 1856, *(Pamph. p. 260,)* adopted John Needham Massee, son of Needham W. Massee; that both the father and mother of said child were dead at that time.    That prior to said adoption, Robert Rives, of Randolph county, had obtained possession of said child; that after said adoption, Dudley Snead sued out a writ of *habeas corpus*, against said Robert Rives, to obtain the custody of said child, which was carried to the Supreme Court.    That Rives moved to set aside the adoption of said child by Snead, in Lee Superior Court; that case was also carried to the Supreme Court; that both these cases came on to be heard, and that the Supreme Court decided that the custody of the child should have been awarded to Dudley Snead, and that the judgment of Judge Allen, refusing to set aside the order of adoption, should be affirmed.

The bill further alleged, that Rives, when the *habeas corpus* came on to be heard, after the decision of the Supreme Court, responded that he did not have the custody of said child.

The bill states, that Needham Massee, the grand-father of the child, without the consent of Snead, at September Term, 1858, of Macon Superior Court, and with a full knowledge of Snead's rights, procured an order of adoption, by which he was declared the adopted child of his grand-father.    That said Massee has obtained possession of said child, and conceals him from the complainant, and complainant apprehends that he will carry him out of the State, &c.

The bill prays, that the order of adoption, by which the said child was declared to be the adopted child of said Massee, may be annulled and set aside, and that the said child may be brought before the Judge, at such time and place as he may appoint, and that the custody of the child may be delivered to complainant.

Massee vs. Snead.

The bill also alleged, that Massee had applied to the Ordinary of Macon county, for letters of guardianship of the person and property of said child, and prays that he may be enjoined from proceeding with said application.

The bill was sanctioned, and defendant was directed to appear at the March Term, 1859, of Macon Superior Court, before the Chancellor, with said child, that he might then and there award the custody of said child to the person entitled thereto.

The defendant, Massee, appeared with the child at the March Term, 1859, of the Court, and objected to the Chancellor hearing and determining as to the custody of the said child, at the return Term of the bill, and without a jury, and also demurred to said bill for want of equity. The presiding Judge overruled the demurrer, and overruled defendant's objection to the hearing of the motion of complainant, to have the custody of said child delivered to him.

The defendant then showed cause against granting complainant's motion, the Act of the Legislature, assented to December 11th, 1858, *(Pamph. p.* 177,*)* and also a certificate of the Ordinary, that he had given bond and taken the oath as required by the second section of said Act, as guardian of said child. The Judge overruled the defendant's showing, and passed an order requiring the defendant to deliver the custody of said child to Dudley Snead, until the further order of the Court.

The defendant, Massee, excepted to each and all of said rulings and orders, and assigns the same as error.

HALL & GILES, for plaintiff in error.

McCAY & HAWKINS, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

If there was no equity in the bill, it is manifest, that the

order of the Court below, was erroneous. And there was no equity in the bill, if there was a common law remedy, open to the complainant. And we think, that there was such a remedy, open to him.

The bill prays for three things: that the order by which, the child was declared to be the adopted child of Massee, may be annulled; that the child may be delivered to Snead, the complainant; that Massey's application for letters of guardianship of the person and property of the child, may be enjoined. This is the complainant's prayer. His right, if he has any, is merely to the custody of the child; if he has the right to the other two things, he has it only as a means to that end.

Can he assert his right to the custody of the child, as well, at law, as, in equity? We think so. For aught that we can see, the writ of *habeas corpus*, will fully answer his purpose. Suppose, on the return of that writ, Massee shows for cause of the detention of the child the order declaring the child his adopted child or an order appointing him guardian of the child's person and property, or both orders, will it not be the right of Snead to meet the orders, with any thing with which, it would be his right to meet them, in a case in equity? What objection or reply can he make to the orders, in equity? He can insist that they are *void;* that is all. Showing them merely voidable will not be enough; in that case, even equity will have to hold them good, until they are set aside, regularly, in the Court in which, they were rendered. But this reply, he could equally make to the return to the *habeas corpus*. Detention under a void judgment, is not a *legal* detention, and therefore, is no answer to a *habeas corpus*. In a word, if the order of adoption, granted, and the order of guardianship, apprehended by Snead, are things to bind him at law, they are equally things to bind him in equity—if they are things not to bind him, in equity, they are equally things not to bind him, at law. Why then should he go into equity? To annul orders? Can equity annul the judgment

Massee vs. Snead.

of another Court? Equity acts on the parties to judgments by injunction, not on the Court rendering the judgments. But there is no need of any interference by equity with a void judgment. It is impossible that a void judgment can be in any body's way.

Moreover, as to the prayer for an injunction of the application for letters of guardianship, there was still another legal remedy—appearance and defence in the Court of Ordinary. Not, that we would be understood, as saying, that a failure to appear and defend there would render a grant of letters good, in a case in which, the Court had parted with all its power to grant such letters, by a previous grant of some kind.

Thus, then, it appears to us, that this is a simple case for the writ of *habeas corpus* and, therefore, that there was no equity in the bill, and, consequently, that the case was one in which, it was not proper for the Court to make the order which it did make—that being an order in furtherance of the suit.

Some other questions were argued in this case; questions of much importance, connected with the doctrine of adoption, and our legislation, public and private, on that subject; questions of doubt and difficulty.

In the view we take of the case, we think it best, not to decide these questions. They were well argued, it is true, but it is possible, that there is still light some where in reserve, to be shed upon them. We feel that we need all the light there is.

Judgment affirmed.